### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| _____ | |
| TRISURA SPECIALTY INSURANCE COMPANY: | CIVIL ACTION NO.: |
| 210 Park Avenue, Suite 1300 : | |
| Oklahoma City, Oklahoma 73102 : | |
| : | |
|     Plaintiff, : | |
| : | |
| vs. : | **COMPLAINT FOR** |
| : | **DECLARATORY JUDGMENT** |
| PARADE ENTERPRISES, LLC : | |
| 105 White Oak Lane, Suite 201B : | |
| Old Bridge, New Jersey 08857 : | |
| : | |
| BHAVESH PATEL : | |
| 254 Vivien Court : | |
| Paramus, New Jersey 07652 : | |
| : | |
| BURGER KING CORPORATION : | |
| 5707 Waterford District Drive : | |
| Miami, Florida 33126 : | |
| : | |
| LAMOY LEVY : | |
| 95 Paul Revere Road : | |
| Groton, Connecticut 06340 : | |
| : | |
| KARL SOWELL, SR. : | |
| 760 Eayrestown Road, Apt. A12-7 : | |
| Lumberton, New Jersey 08048 : | |
| : | |
|     Defendants. : | |
| _____: | |

Plaintiff, Trisura Specialty Insurance Company (hereinafter "Trisura"), for its Complaint against the Defendants, alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201(a) and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

2.    This action for declaratory judgment arises out of an actual justiciable controversy regarding the parties' rights, status, and obligations under an insurance policy issued by Trisura in connection with the underlying lawsuit captioned, *Karl Sowell, Sr. v. Burger King, Parade Enterprises, LLC d/b/a/ Burger King, Bhavesh Patel, Lamoy Levy (individually and as agent/employee of Burger King), John Doe(s) 1-5 (fictitious names as individuals/entities who own, operate, manage or maintain the premises), John Doe(s) 6-10 (fictitious names as individuals responsible for hiring, training, supervising, managing the Lumberton Burger King and its employees), individually, jointly, severally and/or in the alternative*, pending in the Superior Court of New Jersey, Burlington County, bearing docket number: BUR-L-001023-24 (hereinafter "Underlying Lawsuit"). (*See* a copy of the Complaint in the Underlying Lawsuit attached hereto and marked as "Exhibit A.")

3.    Trisura seeks a declaration that it does not owe defense or indemnity to the defendants in the Underlying Lawsuit.

4.    Title 28 U.S.C. § 2201 authorizes this Court to enter an order declaring the rights and obligations of the parties with respect to the insurance policy that is the subject of this action.

## THE PARTIES

5.    Plaintiff Trisura is an insurance company organized and existing under the laws of the State of Oklahoma with its principal place of business located in Oklahoma City, Oklahoma. Plaintiff wrote a policy of insurance to the named insured, Parade Enterprises, LLC, as more particularly described below.

6.    Upon information and belief, Defendant, Parade Enterprises, LLC, with an alternate name of Burger King (hereinafter "Parade"), is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located in Old Bridge, New Jersey, and was, at all material times herein, in the business of operating franchised Burger King restaurants in New Jersey.

7.    Upon information and belief, Parade is the owner, operator, and/or manager of a franchised Burger King restaurant located at 1636 Route 38, Lumberton Township, New Jersey.

8.   Upon information and belief, Defendant, Bhavesh Patel (hereinafter "Patel") is an individual residing in Paramus, New Jersey, and was at all material times herein, an executive, managing member and/or principal of Parade.

9.   Upon information and belief, Defendant, Burger King Corporation (hereinafter "Burger King") is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Miami, Florida, and was, at all material times herein, in the business of franchising fast food restaurants.

10.   Upon information and belief, Defendant, Lamoy Levy (hereinafter "Levy") is an individual residing in Groton, Connecticut, and was at all material times herein, a manager and/or employee at the Burger King restaurant located at 1636 Route 38, Lumberton Township, New Jersey.

11.   Upon information and belief, Defendant Karl Sowell, Jr. (hereinafter "Sowell") is an individual residing in Lumberton, New Jersey, and the plaintiff in the Underlying Lawsuit alleging claims of negligence and assault and battery against Parade, Patel, Burger King, and Levy, as more particularly described below. Trisura seeks no relief against Sowell other than to bind him to the outcome of this declaratory judgment action.

12. The Defendants named herein, in so far as they may be seeking benefits under a certain insurance policy issued by Trisura, have an interest in the outcome of this litigation.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

14. None of the Defendants are citizens of the same state as the Plaintiff.

15. The amount in controversy exceeds $75,000 as Sowell, in the Underlying Lawsuit is seeking compensatory and punitive damages against the Defendants, Burger King, Parade, Patel, and Levy and the same Defendants all seek insurance coverage for the Underlying Lawsuit from Trisura.

16. Trisura has been providing a defense to Parade, Patel, and Burger King since the inception of the Underlying Lawsuit and is providing a separate defense to Levy, all under a commercial general liability policy issued by Trisura that has a per occurrence limit of $1,000,000 and an aggregate limit of $2,000,000.

17.  This court has personal jurisdiction over Patel and Sowell because they are residents of New Jersey.

18.  This court has personal jurisdiction over Parade because it is a limited liability company organized in the state of New Jersey and its principal place of business is in New Jersey.

19.  This court has personal jurisdiction over Burger King because it has significant contacts with New Jersey and has purposefully availed itself of the privileges and benefits of doing business in this state. Specifically, Burger King maintains a substantial presence in New Jersey and regularly conducts business activities in the state.

20.  This Court has personal jurisdiction over Levy because he has significant contacts with New Jersey and has purposefully availed himself of the benefits and protections of its laws. Specifically, Levy previously lived and worked in New Jersey. While residing and working in the state, he allegedly engaged in conduct that caused damage to Sowell, which forms the basis of the claims in the Underlying Lawsuit.

21.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District. The subject insurance Policy was issued to the named insured,

Parade, whose principal place of business is in Old Bridge, New Jersey. Further, the incident which is the subject of the Underlying Lawsuit occurred in this District, and the Underlying Lawsuit is pending in the Superior Court of New Jersey, Burlington County, New Jersey.

## THE UNDERLYING LAWSUIT

22.  On or about May 16, 2024, Sowell filed a complaint initiating the Underlying Lawsuit against Defendants, Burger King, Parade, Patel, Levy, John Doe(s) 1-5 (fictitious names as individuals/entities who own, operate, manage or maintain the premises), and John Doe(s) 6-10 (fictitious names as individuals responsible for hiring, training, supervising, managing the Lumberton Burger King and its employees) (hereinafter collectively "Underlying Lawsuit Defendants"). (*See* Exhibit A.)

23.  The Underlying Lawsuit arises out of the alleged physical assault and battery on Sowell. (*See* Exhibit A.)

24.  Sowell alleges the following causes of action against the Underlying Lawsuit Defendants: Negligence and Assault. Sowell has also alleged a cause of action for Assault and Battery against Levy. (*See* Exhibit A.)

25.  Sowell seeks compensatory damages, exemplary and punitive damages, attorney's fees, interest, cost of suit,

and other relief deemed appropriate by the Court. (*See* Exhibit A.)

26. In support of the claims, Sowell alleges that on June 30, 2022, while legally on the premises of the Burger King restaurant located at 1636 Route 38 Eayerstown Road, Lumberton, New Jersey (hereinafter "subject premises"), he was physically and verbally attacked and assaulted by a restaurant employee/manager regarding a food order, which resulted in injuries. (*See* Exhibit A, Count I, ¶¶ 1-2, 9.)

27. Sowell alleges that Burger King is the franchisor who entered into a franchise agreement with franchisee, Parade Enterprises, LLC for the Burger King restaurant at the subject premises. (*See* Exhibit A, Count I, ¶¶ 3-4.)

28. It is alleged that Parade, Patel, and John Does 1-5 were the owners, operators, and franchisees of the Burger King restaurant at the subject premises. (*See* Exhibit A, Count II, ¶ 2.)

29. It is alleged that Levy was the manager, employee, agent and/or servant of Burger King, Parade, Patel, and John Does 1-5 at the subject premises and was acting within the course and scope of his employment at the time of the incident. (*See* Exhibit A, Count II, ¶ 3 and Count III, ¶ 3.)

30.  In support of Count I of the Complaint in which Sowell generally asserts claims of negligence against Burger King, Sowell alleges Burger King retained an ownership interest, control, and exercised management over the restaurant at the subject premises. (*See* Exhibit A, Count I, ¶ 5.)

31.  Further, it is alleged that Burger King was responsible for providing and enforcing guidelines, policies, procedures, and management oversight to its franchisees, including hiring requirements, employee screening protocols and employee conduct standards. (*See* Exhibit A, Count I, ¶ 6.)

32.  It is alleged Burger King had a duty to ensure the subject premises was safe and secure for its customers and/or invitees. (*See* Exhibit A, Count I, ¶ 7.)

33.  It is alleged that on the day of the assault and battery, Burger King was careless, negligent, and reckless in its actions in failing to enforce its own supervision and management responsibilities over the subject premises. (*See* Exhibit A, Count I, ¶ 8.)

34.  Further, it is alleged Burger King failed to properly train, hire, manage and supervise its franchisee and its staff with regard to proper hiring and screening of employees, establishing and enforcing safety protocols and

operating policies and procedures for customer interactions, and by failing to maintain and enforce good order and safety within the Burger King restaurant. (*See* Exhibit A, Count I, ¶ 9.)

35. It is also alleged that Burger King is responsible for employee/manager, Levy's actions as well as for the actions and negligence of franchisees Parade, Patel, and John Does 1-5. (*See* Exhibit A, Count I, ¶ 10.)

36. Finally, it is alleged that as a result of Burger King's negligence and carelessness, Plaintiff was physically assaulted and beaten by employee/manager, Levy, resulting in severe injuries causing pain and suffering and disability. (*See* Exhibit A, Count I, ¶ 11.)

37. In support of Count II of the Complaint in which Sowell generally asserts claims of negligence against Parade, Patel, and John Does 1-5, Sowell alleges Parade, Patel, and John Does 1-5 had a duty to its invitees/ customers to operate the restaurant in a safe manner, free from physical harm; they also had a duty for hiring properly screened staff, for ensuring its employees/ managers are properly trained and supervised, for implementing and enforcing proper restaurant management policies and procedures to its employees/managers, and for ensuring general safety and in preventing harm and injury

to its customers/invitees. (*See* Exhibit A, Count II, ¶¶ 4-5.)

38.  It is alleged that Parade, Patel, and John Does 1-5 breached its duties and negligently and carelessly hired an employee and manager named Levy who, while acting within the course and scope of his employment, negligently and carelessly physically attacked and caused injury to the Plaintiff. (*See* Exhibit A, Count II, ¶ 6.)

39.  It is further alleged Parade, Patel, and John Does 1-5 did negligently, carelessly and recklessly fail to take reasonable actions to prevent the harassment, attack and physical assault by its own employee/manager on Plaintiff; were negligent in their hiring and employing of an unqualified manager; were negligent in failing to properly train, manage and supervise its employees and management staff; were negligent in failing to provide safety and by failing to prevent a hazardous and dangerous environment, condition and situation; and was negligent in permitting, encouraging and tolerating unreasonable physicality by its employees/managers. (*See* Exhibit A, Count II, ¶ 7.)

40.  It is alleged that Levy's acts are imputed to Parade, Patel, and John Does 1-5. (*See* Exhibit A, Count II, ¶ 8.)

41. Finally, it is alleged that as a result of Parade, Patel, and John Does 1-5's negligence and carelessness, Plaintiff was caused to suffer severe injuries and damages. (*See* Exhibit A, Count II, ¶ 9.)

42. In support of Count III of the Complaint in which Sowell generally asserts claims of negligence against Levy, it is alleged that in his capacity as manager, Levy was in charge of the daily operations and management of the Burger King restaurant and was responsible for providing and ensuring a safe, professional, and good environment for its customers; for enforcing Burger King's policies and procedures; and for not physically attacking or assaulting any customers. (*See* Exhibit A, Count III, ¶ 4.)

43. It is alleged that Levy had a duty to act in a controlled and safe manner when dealing with customers but breached this duty when he negligently physically attacked and assaulted the Plaintiff, which resulted in severe injuries and damages. (*See* Exhibit A, Count III, ¶¶ 5-7.)

44. It is alleged that Levy's acts of negligence are imputed to the other Defendants by virtue of the doctrine of respondeat superior. (*See* Exhibit A, Count III, ¶ 8.)

45. In support of Count IV of the Complaint in which Sowell alleges claims of assault and battery, Sowell alleges Levy, employee and/or manager of the Burger King

franchisee restaurant located at the subject premises, knowingly, purposefully, intentionally and with reckless disregard caused a physical assault upon Plaintiff, intentionally causing serious bodily injury. (*See* Exhibit A, Count IV, ¶¶ 2-3, 5.)

46.  It is alleged that Levy's actions were intentional for the purpose of causing serious bodily harm and/or to create reasonable fear of bodily harm to the Plaintiff. (*See* Exhibit A, Count IV, ¶ 4.)

47.  In support of Count V of the Complaint in which Sowell asserts a negligence claim against John Does 6-10 (fictitious names of individuals responsible for hiring, training, supervising, managing Burger King and its employees), it is alleged that John Does 6-10 were to provide proper training, supervision, hiring and restaurant management of the Burger King restaurant franchise. (*See* Exhibit A, Count V, ¶ 2.)

48.  It is alleged that John Does 6-10 breached its duties by negligently and carelessly hiring an employee and manager named Levy, failing to prevent improper and illegal use of force by Levy, and failing to train and supervise the Burger King restaurant, all of which resulted in harm to Plaintiff.  (*See* Exhibit A, Count V, ¶¶ 3-4.)

49.   In support of Count VI of the Complaint in which Sowell alleges claims of assault against the Underlying Lawsuit Defendants, Sowell alleges the defendants' actions were all done with wanton and reckless disregard of the personal safety and wellbeing of Plaintiff, so as to intend to cause and/or intend to allow the Plaintiff to be subjected to a violent, unjustified, unprovoked, physical beating and assault, which resulted in serious personal injuries. (*See* Exhibit A, Count VI, ¶ 2.)

## THE POLICY

50.   Trisura issued a commercial general liability insurance policy to the named insured, Parade Enterprises, LLC, with a policy period of May 13, 2022 to May 13, 2023, bearing policy number OSU1003090-01(hereinafter "Policy"). (*See* a copy of the Policy attached hereto and marked as "Exhibit B.")

51.   Per the Schedule of Named Insured, Burger King is also an insured.

52.   One of the locations listed on the Location of Premises is 1636 Route 38, Mount Holly, New Jersey 08060.

53.   The Policy has a per occurrence limit of $1,000,000 and an aggregate limit of $2,000,000 subject to certain terms, conditions, limitations, exclusions, and endorsements. (*See* Exhibit B.)

54.  The Policy provides the following coverage for "bodily injury" or "property damage" liability (hereinafter "Coverage A") in relevant part:

**Section I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

*    *    *

b.  This insurance applies to "bodily injury" or "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;

(*See* Exhibit B, Section I, Coverage A, 1. Insuring Agreement)

55.  The Policy's Coverage A also contains certain exclusions which preclude or otherwise limit coverage under the Policy.

56.  The exclusions include in relevant part:

**2.  Exclusions**

This insurance does not apply to:

**a.  Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured….

(*See* Exhibit B, Section I, Coverage A, 2. Exclusions)

57.  The Policy also identifies who is classified as an insured under the Policy, and provides in relevant part:

**Section II – WHO IS AN INSURED**

1.  If you are designated in the Declarations as:

\*    \*    \*

c.  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\*    \*    \*

2.  Each of the following is also an insured:

a.  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an

organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …

(*See* Exhibit B, Section II, Who Is An Insured)

58. The Policy also contains definitions, which provides in relevant part:

**SECTION V – DEFINITIONS**

\*    \*    \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means: (a) The United States of America (including its territories and possessions), Puerto Rico and Canada…

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*    \*    \*

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

\*    \*    \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

        \*    \*    \*

   18.  "Suit" means a civil proceeding in which damages because of "bodily injury" . . . to which this insurance applies are alleged….

        \*    \*    \*

(*See* Exhibit B, Section V, Definitions)

   59.  The Policy also has an endorsement entitled, **EXCLUSION – ABUSE OR MOLESTATION**, which modifies the Policy as follows:

     **Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability** and **Coverage B – Personal and Advertising Injury Liability, 2. Exclusions** are amended by the addition of the following:

     **Abuse or Molestation**

     (1)  "Bodily injury," "property damage" or "personal and advertising injury" arising out of or in any way related, in whole or in part, to any actual, threatened, or alleged:

        \*    \*    \*

     (e)  Physical abuse;
     (f)  Physical assault;

        \*    \*    \*

     (2)  This exclusion applies regardless of the degree of culpability or intent and without regard to:

     (a)  whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, "employees," agents, or servants; or by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or by any other person;

     (b)  the alleged failure of the insured or his officers, "employees," agents or servants in

the hiring, supervision, retention, or control of any person, whether or not an officer, "employee," agent, or servant of the insured; or

(c)  the alleged failure of the insured or his officers, "employees," agents, or servants to attempt to prevent, bar, or halt any such conduct.

(3)  This exclusion applies to any claims by any other person, firm, or organization, asserting rights derived from or contingent upon any person asserting a claim excluded under subparagraphs (2)(a), (2)(b), or (2)(c) above; specifically excluding from coverage claims for:

(a)  Emotional distress or for loss of society, services, consortium, and/or income;

(b)  Reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages) paid or incurred by such other person, firm, or organization; or

(c)  Any obligation to share damages with or repay someone who must pay damages because of the injury.

(*See* Exhibit B's endorsement entitled, "Exclusion - Abuse or Molestation")

60.  The Policy also has an endorsement entitled, **EXCLUSION — PUNITIVE DAMGES**, which modifies the Policy as follows:

I.  The following exclusion is added to the policy:

This insurance does not apply to or provide coverage for "punitive damages".

If a "suit" is brought against any insured, which includes allegations of "injury" that fall within the coverage provided by the policy, and such "suit" seeks both compensatory damages and "punitive damages", no coverage will be provided by this policy for any costs, interest, defense costs, attorney or legal fees of any type, or

damages attributable to "punitive damages".

II.  The following definition is added to the policy:

"Punitive damages", which may also be called exemplary damages, means damages awarded by a court above and beyond the requirements for compensating a plaintiff for "injury" and intended to punish, reform or deter the defendant and to deter similar persons from pursuing a course of action such as that which damaged the plaintiff. "Punitive damages" does not include civil or criminal fines or penalties imposed by any government authority.

(*See* Exhibit B's endorsement entitled, "Exclusion – Punitive Damages")

61.  The Policy also has an endorsement entitled, **EXPANDED DEFINITION OF BODILY INJURY**, which modifies the Policy as follows:

The Definition of "bodily injury" is removed in its entirety and replaced with the following:

1. "Bodily injury" means:
   a. bodily injury,
   b. sickness,
   c. disease; or
2. Mental anguish or emotional distress arising out of a., b., or c., above, sustained by a person, including death resulting from any of these at anytime.

(*See* Exhibit B's endorsement entitled, "Expanded Definition of Bodily Injury")

## DEMAND AND COVERAGE DETERMINATION

62.  In response to a pre-suit claim made on or about November 3, 2022 by Sowell's counsel, Parade tendered the claim to Trisura seeking coverage under the Policy.

63. After reviewing the Policy, the November 3, 2022 letter, and video footage of the incident, Trisura disclaimed coverage for the pre-suit claim on February 17, 2023. (*See* a copy of the February 17, 2023 Declination Letter attached hereto and marked as "Exhibit C.")

64. Subsequently, on May 16, 2024, Sowell filed the Underlying Lawsuit against Parade, Burger King, Patel, and Levy, which was again tendered to Trisura for coverage under the Policy.

65. By a reservation of rights letter dated June 25, 2024, Trisura rescinded its declination of coverage and offered Parade and Patel a defense to the claims asserted in the Underlying Lawsuit subject to a full and complete reservation of Trisura's rights. (*See* a copy of the June 25, 2024 Reservation of Rights Letter attached hereto and marked as "Exhibit D.")

66. By a reservation of rights letter dated July 16, 2024, Trisura offered Burger King a defense to the claims asserted in the Underlying Lawsuit subject to a full and complete reservation of Trisura's rights. (*See* a copy of the July 16, 2024 Reservation of Rights Letter attached hereto and marked as "Exhibit E.")

67. By a reservation of rights letter dated August 8, 2024, Trisura rescinded its declination of coverage

and offered Levy a defense to the claims asserted in the Underlying Lawsuit subject to a full and complete reservation of Trisura's rights. (*See* a copy of the August 8, 2024 Reservation of Rights Letter attached hereto and marked as "Exhibit F.")

68. Trisura is funding the defense of Parade, Patel, Burger King, and Levy.

**COUNT I**

**Trisura v. Levy**

**<u>DECLARATORY JUDGMENT – LEVY IS NOT AN INSURED</u>**

69. Trisura incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

70. Pursuant to the Policy, Trisura's obligations to defend and indemnify Levy is subject to Levy qualifying as an insured as that term is defined in the Policy.

71. Per the Policy's "Who Is An Insured" section, an employee of the named insured is also insured "but only for acts within the scope of their employment by [the named insured] or while performing duties related to the conduct of [the named insured's] business." (*See* Exhibit B, Section II, Who Is An Insured.)

72. The Policy identifies the name insured as "Parade Enterprises, LLC." (*See* Exhibit B.)

73.   It is alleged in the Underlying Lawsuit that Levy, while acting as an employee and/or manager for Parade, physically assaulted Sowell. (*See* Exhibit A.)

74.   Levy's alleged physical assault of restaurant patron Sowell is not an act within the scope of his employment for Parade (a Burger King Restaurant franchise) or while performing duties related to the conduct of Parade (a Burger King Restaurant franchise), and as such, Levy does not qualify as an insured under the Policy.

75.   Trisura is entitled to a declaration that it has neither a duty nor obligation to defend or indemnify Levy in the Underlying Action since he does not qualify as an insured under the Policy.

**WHEREFORE,** Plaintiff, Trisura Specialty Insurance Company respectfully requests this Honorable Court enter an order:

(a)   Declaring Trisura does not owe a defense or indemnity to Levy in the Underlying Lawsuit pursuant to the Policy; and

(b)   Awarding Trisura such other and further relief as the Court may deem just and proper.

**COUNT II**

**Trisura v. Patel**

**DECLARATORY JUDGMENT – PATEL IS NOT AN INSURED**

76.   Trisura incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

77.   Pursuant to the Policy, Trisura's obligations to defend and indemnify Patel is subject to Patel qualifying as an insured as that term is defined in the Policy.

78.   Per the Policy's "Who Is An Insured" section, "If you are designated in the Declarations as . . . A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers." (*See* Exhibit B, Section II, Who Is An Insured.)

79.   The Policy identifies the name insured as "Parade Enterprises, LLC." (*See* Exhibit B.)

80.   It is alleged in the Underlying Lawsuit that Patel, while acting as the owner, operator, and/or manager, for Parade, acted with wanton and reckless disregard of the personal safety of Sowell so as to intend to cause and/or intend to allow Sowell to be subjected to a violent physical beating and assault in the Burger King restaurant

resulting in serious personal injuries. (*See* Exhibit A, Count VI.)

81. Patel's alleged intentional actions which resulted in Sowell's physical beating and assault, are not actions with respect to his duties as a manager for Parade or with respect to the conduct of Parade's business, and as such, Patel does not qualify as an insured under the Policy.

82. Trisura is entitled to a declaration that it has neither a duty nor obligation to defend or indemnify Patel for Count VI of the Underlying Lawsuit since he does not qualify as an insured under the Policy.

**WHEREFORE**, Plaintiff, Trisura Specialty Insurance Company respectfully requests this Honorable Court enter an order:

(a) Declaring Trisura does not owe a defense or indemnity to Patel for Count VI in the Underlying Lawsuit pursuant to the Policy; and

(b) Awarding Trisura such other and further relief as the Court may deem just and proper.

**COUNT III**

**Trisura v. Burger King, Parade, Patel, Levy**

**DECLARATORY JUDGMENT – ABSENCE OF AN "OCCURRENCE" PRECLUDES**

**COVERAGE**

83.   Trisura incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

84.   The Policy provides coverage for "bodily injury" only if the "bodily injury" arises out of an "occurrence." (*See* Exhibit B, Section I, Coverage A, 1. Insuring Agreement.)

85.   The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*See* Exhibit B, Section V, Definitions, ¶ 13.)

86.   The claims asserted in the Underlying Lawsuit all stem from the alleged assault and battery, which are claims of intentional conduct and do not meet the definition of an "occurrence" as these allegations are predicated on deliberate acts and, therefore, are not accidental in nature.

87.   The Underlying Lawsuit does not allege "bodily injury" caused by an "occurrence," as those terms are defined in the Policy.

88.   Trisura is entitled to a declaration that it has neither a duty nor obligation to defend or indemnify Defendants, Parade, Burger King, Patel, and Levy in the Underlying Action since an "occurrence" has not been alleged.

**WHEREFORE,** Plaintiff, Trisura Specialty Insurance Company respectfully requests this Honorable Court enter an order:

(a)   Declaring Trisura does not owe a defense or indemnity to Burger King, Parade, Patel, and Levy in the Underlying Lawsuit pursuant to the Policy; and

(b)   Awarding Trisura such other and further relief as the Court may deem just and proper.

**COUNT IV**

**Trisura v. Burger King, Parade, Patel, Levy**

**DECLARATORY JUDGMENT — APPLICATION OF THE**

**"EXPECTED/INTENDED EXCLUSION" PRECLUDES COVERAGE**

89.   Trisura incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

90.   The Policy excludes coverage for "bodily injury" expected or intended from the standpoint of the insured. (*See* Exhibit B, Section I, Coverage A2(a), entitled "Expected or Intended Injury")

91.   The damages alleged in Counts III and IV of the Underlying Complaint, asserted against Levy, fall within the Expected/ Intended Exclusion.

92.   Additionally, the damages alleged in Count VI of the Underlying Complaint asserted against the Underlying Complaint Defendants, fall within the Expected/Intended Exclusion.

93.   As such, the exclusion for expected or intended injury applies to preclude coverage under the Policy.

94.   Trisura is entitled to a declaration that it has neither a duty nor obligation to defend or indemnify Defendants for Counts III, IV and VI, as all damages alleged fall within the above Policy exclusion.

**WHEREFORE,** Plaintiff, Trisura Specialty Insurance Company respectfully requests this Honorable Court enter an order:

(a)   Declaring Trisura does not owe a defense or indemnity to Burger King, Parade, Patel, and Levy for Counts III, IV, and VI in the Underlying Lawsuit pursuant to the Policy; and

(b)   Awarding Trisura such other and further relief as the Court may deem just and proper.

**COUNT V**

**Trisura v. Burger King, Parade, Patel, Levy**

**DECLARATORY JUDGMENT — APPLICATION OF THE "ABUSE OR MOLESTATION" EXCLUSION PRECLUDES COVERAGE**

95.   Trisura incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

96.   The Policy excludes coverage for "bodily injury" "arising out of or in any way related, in whole or in part, to any actual, threatened, or alleged…physical abuse [or] physical assault." (*See* Exhibit B's endorsement entitled, "Exclusion - Abuse or Molestation")

97.   The Exclusion further provides that it "applies regardless of the degree of culpability or intent and without regard to:

> (a)   whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, "employees," agents, or servants; or by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or by any other person;

> (b)   the alleged failure of the insured or his officers, "employees," agents or servants in the hiring, supervision, retention, or control of any person, whether or not an officer, "employee," agent, or servant of the insured; or

> (c)   the alleged failure of the insured or his officers, "employees," agents, or servants to attempt to prevent, bar, or halt any such conduct."

(*See* Exhibit B's endorsement entitled, "Exclusion - Abuse or Molestation")

98.  The Exclusion further provides that it "applies to any claims by any other person, firm, or organization, asserting rights derived from or contingent upon any person asserting a claim excluded under subparagraphs (2)(a), (2)(b), or (2)(c) above; specifically excluding from coverage claims for:

> (a)  Emotional distress or for loss of society, services, consortium, and/or income;
>
> (c)  Reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages) paid or incurred by such other person, firm, or organization; or
>
> (c)  Any obligation to share damages with or repay someone who must pay damages because of the injury."

(*See* Exhibit B's endorsement entitled, "Exclusion - Abuse or Molestation")

99.  The claims asserted in the Underlying Lawsuit all stem from Sowell's alleged bodily injury resulting from an alleged assault and battery.

100. All of Sowell's alleged damages asserted in the Underlying Complaint fall within the above exclusion.

101. Trisura is entitled to a declaration that it has neither a duty nor an obligation to defend or indemnify the

Underlying Lawsuit Defendants as all damages alleged in the Underlying Lawsuit fall within the above Policy exclusion.

**WHEREFORE,** Plaintiff, Trisura Specialty Insurance Company respectfully requests this Honorable Court enter an order:

(a)    Declaring Trisura does not owe a defense or indemnity to Burger King, Parade, Patel, and Levy in the Underlying Lawsuit pursuant to the Policy; and

(b)    Awarding Trisura such other and further relief as the Court may deem just and proper.

**COUNT VI**

**Trisura v. Burger King, Parade, Patel, Levy**

**DECLARATORY JUDGMENT – APPLICATION OF THE "PUNITIVE DAMAGES" EXCLUSION LIMITS COVERAGE**

102.  Trisura incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

103.  In the Underlying Lawsuit, Sowell seeks exemplary and punitive damages. (See Exhibit A, Counts IV and VI.)

104.  There is no coverage for Sowell's claims for exemplary or punitive damages.

105. Per the "Punitive Damages Exclusion" in the Policy, "this insurance does not apply to or provide coverage for "punitive damages" and/or "exemplary

damages."" (*See* Exhibit B's endorsement entitled, "Exclusion – Punitive Damages")

106. The exclusion also provides, "If a 'suit' is brought against any insured, which includes allegations of 'injury' that fall within the coverage provided by the policy, and such 'suit' seeks both compensatory damages and 'punitive damages', no coverage will be provided by this policy for any costs, interest, defense costs, attorney or legal fees of any type, or damages attributable to 'punitive damages.'" (*See* Exhibit B's endorsement entitled, "Exclusion – Punitive Damages")

107. Trisura has no obligation under the Policy to defend or indemnify claims for exemplary or punitive damages.

108. There is no coverage under the Policy for any costs, interest, defense costs, attorney or legal fees of any type, or damages attributable to punitive damages.

109. Trisura is entitled to a declaration that it has no duty to defend or indemnify claims for exemplary or punitive damages as well as any costs, interest, defense costs, attorney or legal fees of any type, or damages attributable to punitive damages.

**WHEREFORE,** Plaintiff, Trisura Specialty Insurance Company respectfully requests this Honorable Court enter an order:

(a) Declaring Trisura has no duty or obligation to defend or indemnify claims for exemplary or punitive damage;

(b) Declaring Trisura does not owe coverage for any costs, interest, defense costs, attorney or legal fees of any type, or damages attributable to exemplary or punitive damages; and

(c) Awarding Trisura such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**

By:  /s/ *Charity A. Heidenthal, Esquire*
CHARITY A. HEIDENTHAL, ESQ.
NJ Attorney I.D.
No.: 034412004

*Attorneys for Plaintiff*
30 Montgomery Street, Suite 960
Jersey City, New Jersey 07302
(267) 765-9618 – voice
(215) 478-6141 – facsimile
caheidenthal@zarwin.com

Dated:  2/6/2025